The''opinion of the court was delivered by
Huston, J.
The question arises on this clause of the will. The testator, after having devised to his daughters, Susanna and Maria, a part of a lot in Pittsburg, particularly described, to have and to hold the same 'to them respectively, and to their respective *443 heirs and assigns for ever, and then some other devises, in nearly the same words', proceeds: — “ Fourthly. It is my will that if either of my said three daughters should die without issue, .that then the share of the said daughter shall go and vest in the other two daughters if living, or in the daughter surviving, and the children of any of the deceased daughters; and if two o'f my daughters die vvith- ' out issue, the third living, that then the survivor take the share of both the deceased: or, if any of my daughters die leaving children, the said children to take the same estate as their mother would have taken had she been alive.” . ■
Cases on similar wills are very numerous, and are to be found all collected in so many different reports and digests, that I shall not add another compilation to the list.. See Powell’s Fearne, 118, 179, 180, et seq. 8 Mass. Rep. 3. The .general t.ehour of these cases is the same in England, from w,hence our ancestors brought with them the general system of our laws in the neighbouring states and in this state. New York se.ems to form, for the last twenty years, an exception. There will, on examination, be found a few scattered cases, which look like exceptions. In some few, instances, the very judges who make these decisions, have overruled them; in others, it has been left to their successors. An anxiety to effect the intention of the testator, has been the ground of any variation in the decisions, and perhaps il-may be questioned, whether this has been the event always attained by such variance. The fact is, the testator would seem, in most cases of this kind, not to have contemplated every possible combination of events which might occur after his death, and of course not to have provided precisely for them. , At one time I acknowledge I had become convinced, that whatever might be the case in England, the construction settled here, li that a devise to one and his heirs, and if he died without issue, then over,” was an estate tail, was clearly wrong; for that if the devisee had children, it would go to the eldest son, which, in this state, is perhaps never contemplated by the testator. And I still believe, that in the event of the devisee having children, this construction which I consjder settled in this state, produces an effect contrary to the intention of the testator-in the respect mentioned, almost invariably. But, I think it ought not to induce this court to change the current bf decisions, because it might, and no doubt would, occasion much contest and unsettle many estates now in peace, and which, from'family partitions and sales to ancient purchasers, ought not to be disturbed. The legislature can introduce a new law to operate prospectively. ' I do ribt know that we could.
Because, I am not sure a.construction, that this and similar de-' vises, were conditional fees in all cases, and the devise over-an executory devise, would, in all or in most cases, effect the intention of the testator. Let us see the effect this' would have during the life of the devisee. Suppose a case, which is no fiction :-r-two of *444 the daughters married, and with large families; a third unmarried, and that third had attained an age which renders it certain she will never.have children; that their ancestor devised to them, by similar words as in this will, a large estate,' but consisting entirely of vacant lots in Philadelphia, and back' lands, which produce nothing, but which’every year call fur much money to pay taxes. The unmarried daughters have now, in effect only, a life estate; thdy cannot improve or lease to those who will improve, for the lease must expire and the improvement go over at their death; the unmarried daughters are thus left without any provision, and must continue so if they live to the ages of fourscore; and this, certainly, their father never intended. The same effect will, for a time, be produced, when a devise of this kind is-given to a child of a year old, especially if of tender health and not likely to attain maturity, and the property devised not productive.
Because, the construction settled, goes as near the intent of the testator as any one we could devise, and therefore ought to remain untouched. What is that intention? This is always to be ascertained to a certain extent, though what the testator would have directed, if certain events had been foreseen, is, at best, conjecture. The general intent is to give to the child an estate of inheritance, but one which must go to the children of the devisee, and which yet cannot be sold or. bequeathed by the devisee, the remainder of which, if .the devisee has no children, the first testator directs to go in a certain way. ( Npw, this is the very description of an estate tail, no more liable to be mistaken than the strict legal definition of onepbut an estate'.tail may be changed into a fee simple by common recovery, or in this state by conveyance in the prescribed form; and if this is done, the remainder is gone to be sure, but the child is supported,-r-is not left to depend on charity, or to starve.
If it is not questioned, and I believe it cannot be, that this devise creáted an estate .tail in Susanna, provided the words “die without issue,” mean' an indefinite failure of issue: then the devise is a perfectly legal one, an estate in.fee tail, remainder over to her sisters or their, children. If we could ask her father now, whether he intended, if she should live unmarried till the age of one hundred, the lot is to remain unimproved and unproductive; and she to depend on her labour, or on' her sisters, or on the charity of strangers, I have no doubt yvhat would-be his answer; aud that answer would be, that he meant it as an estate available for her support. I can find nothing here which goes to contradict this; b.ut, I have said, an, estate tail cannot be so restrained, that tenant in tail cannot change it to a fee. Many a man wished it unchangeable, and that the land he left might be conferred to his. posterity for ever. The British parliament attempted it, but in vain. The remainder men in tail will always complain. Once in. a century a judge will be found to persuade himself to-join the cry. Public convenience required, and public opinion has sanctioned the device, which ren *445 dered estates tail alienable, and I am now satisfied, that public convenience occasioned and has justified the construction put on the words, “ dying without issue,” or “dying without leaving issue;” and that however the ease may be after the death of the devisee, it would in most, if not in all cases, thwart the will.of the testator during the life of the first devisee, to construe those words in the yvay sometimes contended for. '
I am of opinion, that the estate devised,, was an estate tail in Susanna, with remainder in fee to her sisters or their children: the case states a conveyance in due form, to bar the entailment; the deed then conveyed an estate in fee, and Charles Brewer and wife, have not broken their covenant. And the judgment of the Court of Common Pleas is affirmed. '
Judgment affirmed.